FILED

1/9/2020

Clerk, U.S. District Court
District of Montana
Helena Division

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| PATRICK B. CHATTIN,<br><br>       Plaintiff,<br><br>vs.<br><br>MARISSA SIMS,<br><br>       Defendant. | No. CV 19-65-BU-SEH<br><br>**ORDER** |

Defendant Marissa Sims removed this action by Notice of Removal filed December 26, 2019.[1] Jurisdiction is not well-pleaded.

The removal statute is strictly construed against removal jurisdiction.[2] The "strong presumption" against removal jurisdiction requires that a defendant carry the burden of showing removal is proper.[3] Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.[4]

---

[1] Doc. 1.

[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[3] *Id.*

[4] *Id.*

Defendant's Notice of Removal asserts federal jurisdiction under 28 U.S.C. §§ 1332 and 1441.[5] 28 U.S.C. §1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

"Generally, the amount in controversy is determined from the face of the pleadings."[6] "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."[7]

Plaintiff's Complaint and Demand for Jury Trial[8] does not specify a dollar amount of damages. Plaintiff's claim for "special and general damages in an amount to be proven at trial"[9] is insufficient to set forth any specific amount in controversy to determine if Plaintiff is, in good faith, requesting a sum in excess of $75,000, or whether it appears to a legal certainty that the amount in controversy is

---

[5] *See* Doc. 1 at ¶ 5.

[6] *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

[7] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996)).

[8] Doc 4.

[9] Doc. 4 at 4.

less than the jurisdictional amount.

Defendant's Notice of Removal states that "Chattin's counsel alleged pre-litigation that Chattin's damages exceed $75,000, exclusive of interests and costs."[10] Defendant does not allege any facts to support the jurisdictional amount in controversy requirement.

ORDERED:

This case will be remanded to state court on January 17, 2020, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 9th day of January, 2020.

SAM E. HADDON
United States District Judge

---

[10] Doc. 1 at 11.